IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40395
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROSEVELT HOLLIS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CR-105-1
- - - - - - - - - -
March 28, 1997

Before REAVLEY, JONES and STEWART, Circuit Judges.

PER CURIAM:*

     Defendant-appellant Rosevelt Hollis appeals his conviction

and sentence for conspiracy to possess with intent to distribute

cocaine and attempt to possess with intent to distribute cocaine,

in violation of 18 U.S.C. § 846.  We have reviewed the arguments

and the record and find no reversible error as to Hollis' claims.

That Hollis attempted to buy cocaine through a government

informant and his codefendant was acquitted is of no matter,

because the evidence showed that Hollis conspired with others and

the indictment charged him with "unknown" persons.  See United

_____

     * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113 (1995); United States v. Winn, 948 F.2d 145, 157 (5th Cir. 1991), cert. denied, 503 U.S. 976 (1992). Hollis' conviction for attempt to possess cocaine is also supported by the evidence. See Bermea, 30 F.3d at 1551; United States v. Mandujano, 499 F.2d 370, 376 (5th Cir. 1974), cert. denied, 419 U.S. 1114 (1975). The district court's "oral" jury charge was not erroneous and Hollis has not demonstrated plain error as to his claim that the court erred in defining conspiracy for the jury. See United States v. Schilleci, 545 F.2d 519, 526 (5th Cir. 1977); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995); United States v. Flores, 63 F.3d 1342, 1374 (5th Cir. 1995), cert. denied, 117 S. Ct. 87 (1996). The district court did not clearly err in attributing 32 kilograms of cocaine to Hollis for sentencing purposes. United States v. Ponce, 917 F.2d 841, 842 (5th Cir. 1990), cert. denied, 499 U.S. 940 (1991); U.S.S.G. § 2D1.1, comment. (n.12); § 1B1.3(a)(2); § 6A1.3(a).

AFFIRMED.